

Kelly Ann Ryder
Sussex I State Prison
24414 Musselwhite Drive
Waverly, VA 23891-1111

RECEIVED
2012 JUN -8 P 2:29
CLERK US DISTRICT COURT
NORFOLK, VIRGINIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JACOB SHOUSE,**

          **Plaintiff,**

    v.

                             **ACTION NO. 2:11cv464**

**T. KING,
H. SOLORIA,
K. RYDER,
R. COLBERT,
D. SPIERS, and
T. DUKE,**

          **Defendants.**

## ORDER

Plaintiff, a state prisoner, brought this pro se action pursuant to 42 U.S.C. § 1983 to redress alleged violations of constitutional rights. Plaintiff has both paid the assessed initial partial filing fee and furnished proof that he has exhausted his administrative remedies as directed by this Court. By Order entered November 30, 2012, this action was ordered filed.

Plaintiff has moved to amend his Complaint to dismiss all Defendants except Defendant K. Ryder, named as Kelly Ryder in the Amended Complaint. Plaintiff's Motion to Amend is **GRANTED.** The Clerk is Directed to **FILE** the Amended Complaint and note Defendant Ryder's name as Kelly Ryder. Defendants King, Soloria, Colbert, Spiers, and Duke are **DISMISSED** without prejudice.

The Defendant Ryder is **REQUESTED** to return the enclosed Waiver of Service within thirty (30) days from the date of this Order. If Defendant chooses to return the enclosed Waiver of Service within the thirty-day period, she is **ORDERED** to file responsive pleadings or appropriate motions

to Plaintiff's Amended Complaint within sixty (60) days from the date set forth on the enclosed Notice of Lawsuit. Defendant is REMINDED that she is obligated under Fed. R. Civ. P. 4(d) to avoid the cost of unnecessary service of summons. Accordingly, if Defendant chooses not to return the Waiver of Service within thirty (30) days and respond to the Amended Complaint within sixty (60) days, she will be required to show cause why she should not be required to bear the cost of service of a summons.

Plaintiff is REMINDED of the requirements of Rule 5 of the Federal Rules of Civil Procedure. Plaintiff must serve a copy of every pleading and every written motion, notice and similar papers on all parties. Service shall be made by mailing a copy of the document to the party's attorney. If a party is not represented by counsel, Plaintiff must mail a copy directly to that party. Plaintiff is ADVISED that no document submitted by him will be filed in or considered by the Court unless he also attaches a certificate stating that Plaintiff has served or mailed copies of the document to all counsel or, if parties are not represented by counsel, the parties themselves. The certificate should also show the date and manner of service. The Court has enclosed a sample Certificate of Service that Plaintiff may copy and use for this purpose.

The Clerk is DIRECTED to send a copy of this Order and the sample Certificate of Service to Plaintiff, and a copy of this Order, a copy of Plaintiff's Amended Complaint, a copy of the Notice of Lawsuit and two copies of the Waiver of Service to Defendant Ryder.

IT IS SO ORDERED.

_____
Arenda L. Wright Allen
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May , 2012

2

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:  (A)  Kelly Ryder

as  (B)        (C)

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the Complaint is attached to this notice. It has been filed in the United States District Court for the (D) Eastern District of Virginia and has been assigned docket number (E) 2:11cv464.

This is not a formal summons or notification from the Court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the Complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 30 days after the date designated below as the date on which this Notice and Request is sent. The waiver should be returned to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. An extra copy of the waiver is attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the Court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from the date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the Court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of Plaintiff, this _____ day of
~~May,~~ 2012.
June

On Behalf of Plaintiff
Fernando Galindo, Clerk

By: _____
Deputy Clerk

A   -   Name of individual defendant (or name of officer or agent of corporate defendant)
B   -   Title, or other relationship of individual to corporate defendant
C   -   Name of Corporate defendant (if any)
D   -   District
E   -   Docket Number of Action
F   -   Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

## WAIVER OF SERVICE OF SUMMONS

TO:   Clerk, U. S. District Court, Eastern District of Virginia

I acknowledge receipt of your request that I waive service of summons in the action of **Shouse v. King, et al.,** which is case number **2:11cv464**, in the United States District Court for the Eastern District of Virginia. I have also received a copy of the Complaint in the action and two copies of this instrument.

I agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4. I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within sixty (60) days after ___*6-4-2012*___ , or within ninety (90) days after that date if the request was sent outside of the United States.

_____
DATE

_____
SIGNATURE

_____
PRINTED/TYPED NAME

AS _____ OF _____
     (TITLE)              (CORPORATE DEFENDANT)

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**Return to:  Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia 23510**

## WAIVER OF SERVICE OF SUMMONS

TO:   Clerk, U. S. District Court, Eastern District of Virginia

I acknowledge receipt of your request that I waive service of summons in the action of **Shouse v. King, et al.**, which is case number **2:11cv464**, in the United States District Court for the Eastern District of Virginia. I have also received a copy of the Complaint in the action and two copies of this instrument.

I agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4. I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within sixty (60) days after ___6-4-2012___ , or within ninety (90) days after that date if the request was sent outside of the United States.

_____
DATE

_____
SIGNATURE

_____
PRINTED/TYPED NAME

AS _____ OF _____
      (TITLE)              (CORPORATE DEFENDANT)

#### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**Return to:   Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia 23510**

**Orders on Motions**
2:11-cv-00464-AWA-TEM Shouse v. King et al
JURY

### U.S. District Court

### Eastern District of Virginia -

**Notice of Electronic Filing**

The following transaction was entered on 6/4/2012 at 4:38 PM EDT and filed on 6/4/2012
Case Name:       Shouse v. King et al
Case Number:    2:11-cv-00464-AWA-TEM
Filer:
Document Number: 20

Docket Text:
**ORDER granting plaintiff's [18] Motion for Leave to File Amended Complaint to drop five defendants - King, Soloria, Colbert, Spiers, and Duke; directing the clerk to file the Amended Complaint and note defendant Ryder's name as Kelly Ryder, as named in the Amended Complaint; dismissing defendants King, Soloria, Colbert, Spiers, and Duke; requesting defendant to return enclosed waiver of service within 30 days; directing defendant to file responsive pleadings within 60 days if waiver is returned; advising plaintiff that documents submitted by him without certificate of service will not be considered; enclosing sample certificate of service. Signed by District Judge Arenda L. Wright Allen and filed on 6/4/12. Copy mailed to plaintiff with sample certificate of service; copy mailed to defendant Ryder with notice of lawsuit, two waiver forms, copy of amended complaint, as directed.(mwin, )**

**2:11-cv-00464-AWA-TEM Notice has been electronically mailed to:**

**2:11-cv-00464-AWA-TEM Notice has been delivered by other means to:**

Jacob Shouse
1101441
Red Onion State Prison
PO Box 1900
Pound, VA 24279

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091796605 [Date=6/4/2012] [FileNumber=3989212-0]
[760f642e9a7aad44b4175e1c4e373b4bdde92834282ccd271a8474e868f0bae9834f
bbc206ba976161001d7abd31507ef703e2c81d89f79bb88e1a39c98107e1]]

United States District Court

Eastern District of Virginia

Norfolk Division


Jacob Alan Shouse,

           Plaintiff,                       Amended Complaint

     V                            Jury Trial Demanded

Kelly Ann Ryder,             Case no. 2:11-cv-000464

          Defendant,


Preliminary Statement

       This is a civil rights action filed by Jacob Shouse, no. 1101441, a state prisoner, for damages and relief under 42 U.S.C. § 1983, alleging denial of "Reasonably adequate" medical care in violation of the eighth Amendment to the United States Constitution.


Jurisdiction and Venue

       1. This court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§ 1331 (a) and 1343 /28 U.S.C. §1391.


Parties

       2. The plaintiff, Jacob Shouse, was incarcerated at Sussex 1 State Prison during the events described in this complaint.

(Parties continued)

  3. Defendant Kelly Snyder is a registered nurse employed at Sussex I State Prison. She is the "Charge nurse" who is generally responsible for ensuring the provision of medical care to prisoners during the night shift. She is sued in her individual capacity.

  4. This defendant has acted, and continues to act under color of state law at all times relevant to this complaint.

Facts — Claim #1, denial of reasonably adequate medical care and failure to act.

  5. On June 30, 2011, the plaintiff swallowed several long metal objects as a result of his serious mental health issues. He was assessed by medical personnel and the on call physician was notified by telephone as per VDOC policy and medical and nursing guidelines.

  6. On July 4, 2011, early morning, the plaintiff swallowed a thermometer in the presence of medical personnel, "H. Lewis", as a result of his serious mental illness. The plaintiff had abnormal vital signs and the on call physician was notified per policy and medical/nursing guidelines. It was ordered by Dr. Tony King that the plaintiff will continued to be monitored and any changes in the

(Continued from "Facts")

plaintiff's condition be reported for further
orders.

7. Approximately 2130 hours on July 4,
2011, it was reported to defendant Ryder that the
plaintiff was lying on the floor unresponsive to
verbal stimuli.

8. Subsequently, defendant Ryder arrived
to housing unit 3-B to assess the plaintiff who
awoke and was in obvious distress of severe pain.
His vital signs were slightly distressed.

9. The plaintiff told defendant Ryder
that he was in severe pain, vomiting, and had
passed out, and that the pain was so intense it
rendered him suicidal and that he needed help as
he feared he would die and asked her to call the MD.

10. Defendant Ryder stated to the
plaintiff that "he will be scheduled for MD sickcall
due to recent 'KNOWN' ingestion of thermometer
and clean of other swallowed objects". Defendant
Ryder refused to notify the on-call physician as
required by VDOC policies and other medical/nursing
guidelines, nor did she take properly adequate
measure to admit the plaintiff to the medical
observation unit for closer monitoring in light of
the known medical conditions and mental health
risk posed by the plaintiff's history of extensive

- 3 -

(continued from "Facts")

suicidal ideation and tendencies ... neither did she notify the on call Qualified mental health professional of the plaintiffs suicidal comments.

11. Approximately 20 minutes later the plaintiff was in such dire distress, feeling no other alternative (despite his conscious efforts), he attempted suicide by cutting his left arm and lacerating his radial artery.

12. Defendant Ryder was notified at approximately 2158 hours of the suicide attempt and offered medical care and had the plaintiff transported to the ER via ambulance at approximately 205 hours, July 5, 2011.

Claims for Relief

13. The actions of defendant Ryder in denying the reasonable and adequate medical care by not notifying a physician and mental health professional of such "obvious" serious medical condition and mental state in which even a "lay-person" would have reasonable knowledge of constitutes deliberate indifference to the plaintiff's serious medical and mental health condition in violation of the Eighth amendment to the United States Constitution.

14. These egregious actions promoted the already known serious nature of the plight that

- 4 -

(Continued from "Claims for Relief")

the plaintiff suffered from severe pain and mental anguish of swallowed metal and other foreign objects along with his extensive history of suicidal gestures.

Relief Requested

WHEREFORE, plaintiff request that the court grant the following relief:

A. Issue A declaratory judgment stating that:

1. The denial of "reasonably adequate medical care to the plaintiff violated the plaintiff's rights under the eighth amendment to the United States Constitution, therefore resulting in the plaintiff's suicide attempt.

B. Award compensatory and nominal damages in the following amounts:

1. Not to exceed $15,000 severely against defendant Ryder for the physical and emotional injuries sustained as A result of the plaintiff's denial of adequate and reasonable medical and mental health care.

C. Award punitive damages in the following amount:

1. $1,000 against defendant Ryder.

D. Grant such other relief as it may appear that plaintiff is entitled.

(Continued from "Relief Requested")

Summary Statement

In conclusion of this complaint, let it please the court that this "Amended Complaint" is filed before any party has been served the original complaint, new knowledge has arose as time lapsed.

In response to this courts order dated 3/2/12, document 17, to submit one copy of the original complaint for each defendant, I now state for the record that I was on suicide precautions and notified stripped cell when the original complaint was submitted. I had no access to carbon paper, photocopies or any other means to duplicate the complaint as I had limited paper. Thus, I had only the original submitted and no copy for myself.

I swear under penalty of perjury that the foregoing is true pursuant to 28 U.S.C. §1746

March 9, 2012
Respectfully Submitted,
Jacob A. Shouse

Jacob Alan Shouse, no. 1101441
Red Onion State Prison
P.O. Box 1900
Pound, VA. 24279

-6-



CLERK'S OFFICE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
600 GRANBY STREET
NORFOLK, VIRGINIA 23510

OFFICIAL BUSINESS

REFUSED
BY
PRISON

Received
JUN 07 2012
KEEN I STATE PRIS.

U.S. MARSHAL
INSPECTED

NO # RTS